RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 2/15/06

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Kandy R. Broussard                              Civil Action No. 6:03-CV-2322

versus                                          Judge Tucker L. Melançon

Jefferson Pilot Financial Insur. Co.            Magistrate Judge Mildred E. Methvin

## MEMORANDUM RULING

Before the Court is Defendant Jefferson Pilot Financial Insurance Company's (Jefferson Pilot) Motion for Summary Judgment [Rec. Doc. 34], Plaintiff Kandy R. Broussard's (Broussard) Opposition [Rec. Doc. 40], and Defendant's Reply thereto [Rec. Doc. 44]. Also before the Court is Plaintiff's Motion for Summary Judgment Regarding Liability [Rec. Doc. 36]and Defendant's Opposition [Rec. Doc. 41]. Based on the substance of the Motions, the Court deems Plaintiff's Motion to be a Cross-motion for Summary Judgment. By Order of the Court, Plaintiff has also filed a Supplemental Memorandum [Rec. Doc. 46] and Defendant has filed a Reply Memorandum [Rec. Doc. 47]. For the following reasons, Defendant's motion will be granted, Plaintiff's motion will be denied in part as it relates total disability benefits and attorney fees; the issue of Plaintiff's eligibility for partial disability benefits will be remanded to the Plan Administrator for consideration consistent with

1

this Ruling.

## I. Background.

In October 1997, Ocean Energy, Inc. hired Plaintiff, Kandy R. Broussard, as a Senior Staff Technician - Outside Operated Properties.[1] (*Complaint*, ¶ V). In June 2003, after the onset of multiple sclerosis and allegedly becoming unable to perform "the material duties of her job," Broussard filed for disability under the terms of her employer's group disability insurance policy. (*Id.* at ¶ XI - XII). Jefferson Pilot, the issuer of the policy, denied Broussard's claim for disability benefits on July 29, 2003. (*Id.* at ¶ XIII). Broussard asked Jefferson Pilot to reconsider, at which time Jefferson Pilot requested Broussard's medical reports and agreed to review her request for total disability benefits. (*Id.* at ¶ XIV - XVI). On October 27, 2003, the Claim Administrator upheld the original denial of Broussard's claim. (*Defendant's Motion*, p. 1). Broussard once again appealed. On May 25, 2004, the Claim Administrator upheld its original decision to deny coverage. (*Id*).

On December 19, 2003, Broussard filed suit against Jefferson Pilot seeking damages pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 101, *et seq.*, alleging that Jefferson Pilot's denial of total disability benefits

---

[1] In covering Broussard under its total disability plan, Ocean Energy classified Broussard's position as "sedentary to light work." (*Broussard Administrative Record*, 0006-0007).

was arbitrary and capricious.[2] (*Complaint*, ¶ XXII). On July 21, 2004, an ERISA case order issued [Rec. Doc. 6]. On October 19, 2004 the parties filed cross-motions for summary judgment on the issue of Jefferson Pilot's discretionary authority. [Rec. Docs. 17 & 19]. On January 10, 2005, the Court denied Plaintiff's Motion for Summary Judgment and granted Defendant's Motion for Summary Judgment, holding that Jefferson Pilot had discretionary authority to determine eligibility for benefits and to construe the terms of the plan. [Rec. Doc. 29].

Jefferson Pilot now argues on summary judgment that it did not abuse its discretion in denying Broussard total disability benefits during the initial review or at any subsequent review. (*Defendant's Motion*, p. 10). Broussard counters in her cross-motion that Jefferson Pilot abused its authority by ignoring certain medical information. Broussard further argues that the Court should review Jefferson Pilot's determination to deny benefits under an abuse of discretion standard with a sliding scale to account for Jefferson Pilot's inherent conflict of interest. (*Plaintiff's Motion*, p. 5). Alternatively, Plaintiff contends for the first time in her Opposition [Rec. Doc. 40] that she is entitled to partial disability benefits and attorney fees. (*Plaintiff's Opposition*, p. 16).

---

[2] The parties do not dispute that ERISA governs the benefit plan in this case.

## II. Summary Judgment Standard.

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)(en banc). When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Celotex Corp.,* 477 U.S. at 324.

Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. *Id.* The responding party may not rest on mere allegations made in the pleadings as a means of establishing a genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Little*, 37 F.3d at 1075. If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find

that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### III. Law and Analysis.

Jefferson Pilot's decision that Broussard is not totally disabled as defined by the Plan is a factual determination subject to review by the Court under an abuse of discretion standard. *Rhorer v. Raytheon Engineers & Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111-112, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)). In reviewing a decision for abuse of discretion, the Court considers whether the decision is arbitrary or capricious. *Meditrust Financial Services Corp. v. Sterling Chemicals, Inc.*, 168 F.3d 211, 214-15 (5th Cir. 1999). "When reviewing for arbitrary and capricious actions resulting in an abuse of discretion, we affirm an administrator's decision if it is supported by substantial evidence. A decision is arbitrary only if 'made without a rational connection between the known facts and the decision or between the found facts and the evidence.'" *Id.* at 215 (quoting *Bellaire General Hospital v. Blue Cross Blue Shield*, 97 F.3d 822, 828-29 (5th Cir. 1996)). In light of this determination, the Court owes "due deference to an administrator's factual conclusions that reflect a reasonable and impartial judgment." *Pierre v. Connecticut General Life Insurance Co.*, 932 F.2d 1552, 1562 (5th Cir. 1991). The Court shall limit its review only to evidence

contained in Jefferson Pilot's administrative record. *Vega v. National Life Insurance Service, Inc.*, 188 F.3d 287, 299 (5th Cir. 1999). Thus, the Court "must inquire only whether the 'record adequately supports the administrator's decision'" and can only conclude that the administrator abused its discretion if the administrator denied the claim "without some concrete evidence in the administrative record." *Gooden v. Provident Life & Accident Insurance Co.*, 250 F.3d 329, 333 (5th Cir. 2001) (quoting *Vega*, 188 F.3d at 302).

This abuse of discretion standard is modified when there exists an inherent potential conflict of interest, as when the insurer is also the plan administrator. The Court should apply a "sliding scale" abuse of discretion standard: the greater the evidence of conflict on the part of the administrator, the less deferential the Court's abuse of discretion standard should be. *Vega*, 188 F.3d at 297-99. In such instances, the Court should consider the potential conflict as a "factor to be considered in determining whether the administrator abused its discretion in denying the claim." *Id.* The Court's recognition of such a potential conflict does not raise the level of scrutiny, but "need only assure that the administrator's decision falls somewhere on a continuum of reasonableness, even if on the low end." *Id.*

The Court should evaluate the administrator's factual findings regarding the eligibility of a claimant based on the evidence before the administrator, assuming that

both parties were given an opportunity to present facts to the administrator. *Schadler v. Anthem Life Ins. Co.*, 147 F.3d 388, 395 (5th Cir. 1998) *(citing Wildbur v. ARCO Chemical Co.*, 974 F.2d 631, 639 (5th Cir. 1992)); *Southern Farm Bureau Life Ins. Co. v. Moore*, 993 F.2d 98, 102 (5th Cir.1993). Throughout the entire claims process Broussard was allowed to submit evidence of her disability for Jefferson Pilot to review.

*A. Abuse of Discretion and Application of the Sliding Scale.*

Jefferson Pilot claims that each decision to disallow benefits was based on concrete evidence contained within the administrative record. Specifically, Jefferson Pilot avers that at each subsequent review of Broussard's claim, all timely submitted evidence contained within the administrative record was considered, warranting the granting of summary judgment. *Lain v. UNUM Life Ins. Co. of Am.*, 279 F.3d 337, 342 (5th Cir. 2002).

Jefferson Pilot's first denial of benefits on July 29, 2003 was rationally based on the medical information contained in Broussard's claims file. In its denial, Jefferson Pilot cited medical findings from Doctors Paul M. Toce and Kevin R. Hargrave, Broussard's own treating physicians. (*Broussard Administrative Record*, 061-063). Specifically, the denial letter provided:

> The Attending physician's statement that was signed by Dr. Kevin

> Hargrave indicates that your restrictions and limitations are: 'working at heights, heavy manual labor.' These restrictions and limitations would not prevent you from performing the main duties of your occupation as a Sr. Staff Technician - Outside Operated Properties. Your medical condition and your functionally [sic] ability as reported in the medical records would not support a severity of impairment or a 'Total Disability' from performing your occupation. (*Id*).

Accordingly, Jefferson Pilot determined that Broussard remained capable of satisfying her job duties as a Sr. Staff Technician - Outside Operated Properties, and denied her claim for total disability benefits under the Plan. *Id.*

Jefferson Pilot's second denial was based upon a review of its prior decision at the request of Broussard in a letter dated September 19, 2003. In its review, Jefferson Pilot reaffirmed its initial determination to deny coverage based on additional medical records submitted by Broussard, as well as the original documents contained in Broussard's claims file. (*Defendant's Motion*, p. 5). In the October 27, 2003 letter notifying Broussard of its affirmation to deny benefits, Jefferson Pilot, citing medical evidence contained in Broussard's additional medical records, concluded:

> Ms. Broussard had improved with her therapies and medical treatment. Multiple Sclerosis is a condition in which remissions and exacerbations can be expected; however, as of the date that benefits commence there is no medical documentation to support an inability to perform all of the material and substantial duties of her sedentary occupation. Therefore, no benefits will be payable, as Ms. Broussard does not meet the requirements of the policy. (*Broussard Administrative Record*, 105-

107).

Additionally, Jefferson Pilot noted, from a July 22, 2003 letter from Dr. Robert D. Martinez, that Broussard's condition had improved, she had been discharged from physical and occupational therapy, she had met all of her goals in speech and physical therapy, and that she was currently working part-time. (*Id*). Jefferson Pilot upheld its decision to disallow Broussard's claim for total disability benefits.

Jefferson Pilot denied Broussard's claim for total disability benefits a third time on May 25, 2004. Included in the third analysis were updated medical records, as well as the original and supplemental documents contained in Broussard's claims file. (*Defendant's Motion*, p. 6). Again, Jefferson Pilot determined that Broussard did not qualify for total disability coverage, because Broussard was "very early in her diagnosis." (*Broussard Administrative Record*, 116-569) After a review of the entire record, Jefferson Pilot concluded that, "Her occ is light to sed. At this stage she should be able to remain in the work place at a full time capacity depending on personal drive." (*Broussard Administrative Record*, 593-595). Jefferson Pilot also had Broussard's medical records evaluated by an independent physician/neurologist, Dr. Susan Pierson. Dr. Pierson concluded, "From a neurology perspective, at this point, Ms. Broussard has no impairment due to objective findings. She has no specific limitations on ability to function. After review of the records, there are no

9

restrictions on her ability to work related to physical function or safety issues or cognitive function." (*Broussard Administrative Record*, 578-586). After this determination, Broussard submitted an MRI performed on March 12, 2004. Jefferson Pilot directed this new evidence to Dr. Pierson, who remained firm in her previous prognosis. Specifically, Dr. Pierson found in her report dated May 19, 2004, "The recent MRI done on 3/12/04 does not change my initial opinion and assessment, as stated in my original report. I do feel Ms. Broussard is suitable for work, as there was no condition that would have prevented her from returning to occupation." (*Broussard Administrative Record*, 587-589). On May 25, 2004, the Claim Administrator informed Broussard of its decision to uphold its initial and subsequent decisions to deny benefits. Specifically, Jefferson Pilot found that Broussard had not shown that her condition continuously disabled her during and beyond her 90-day elimination period, as required by the Plan. Jefferson Pilot concluded that during the elimination period, based on information contained in the medical records, Broussard was not totally disabled, and was capable of gainful employment in her ordinary occupation as a Senior Staff Technician - Outside Operated Properties. (*Broussard Administrative Record*, 590-592).

Because Jefferson Pilot, the insurer, was also the plan administrator, the determination to deny Broussard's claim is assessed on a "sliding scale." *Vega*, 188

F.3d at 297-99. The Court need not be as deferential to such an administrator's decision as in a generic abuse of discretion case if the potential conflict has a manifest effect. *Id.* In this case there is no evidence of malfeasance based on conflict of interest. As such, Plaintiff's reliance on *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262 (5th Cir. 2004) is misplaced. Broussard makes broad accusations concerning the inherence of conflict when the insurer and the plan administrator are the same, but does not provide the Court with any evidence in the record to support her contentions. Regardless of the standard applied, the decision to deny total disability benefits, based upon the administrative record before the Court and the terms of the plan, was not without basis.

As long as the there exists concrete evidence in the administrative record to support Jefferson Pilot's denial of Broussard's claim, this Court must uphold that decision, even if the evidence relied upon is disputable. *Lain v. UNUM Life Ins. Co. of America*, 279 F.3d 337, 342 (5th Cir. 2002). (quoting *Vega*, 188 F.3d at 299). There is ample support in the administrative record for Jefferson Pilot's decision. In making its eligibility determination, a Plan Administrator is not required to give special deference to the opinions of the claimant's treating physicians. *Gerhold v. Avondale Industries, Inc. Employee Benefit Plan*, 116 Fed. Appx. 497, 498 (5th Cir. 2004). Thus, Jefferson Pilot acted properly in relying on medical conclusions from

both its review panel, as well as Dr. Pierson's independent review. Based on the medical reports, which suggested little limitation of occupational function, compared against the job description submitted by the employer, there is no basis for a finding that Jefferson Pilot's decision ran afoul of the arbitrary and capricious standard, even taking into consideration the possibility of a conflict of interest.

Further, Plaintiff avers that Defendant abused its discretion when the plan administrator failed to consider Broussard's mental condition as a limitation to employment. (*Plaintiff's Opposition*, pp. 11-15). Indeed, the administrative record shows otherwise. In her final review, Dr. Pierson concluded:

> Overall, memory capability was in the upper range of normal. There was some memory loss in the short-term memory, and in visual memory, which are attention based functions, and not truly dysfunctions of long-term memory. Adequate attention and concentration for simple task (sic) was noted. Language appeared to be normal. She was given a diagnosis again of generalized anxiety and dysthyrnia but no clear-cut difficulties and cognition were confirmed . . . She had a limited neuropsychological evaluation in November 2003. The psychological evaluation done in May was more of an affective evaluation, but in neither instance was there evidence that Ms. Broussard had any impairment, cognitively, that would have prevented her from doing her job. (*Broussard Administrative Record*, 583-585).

The Court, based on the administrative record, finds that the Plan Administrator adequately considered Broussard's mental and cognitive limitations and did not abuse its discretion in reaching its decision to deny total disability

benefits.

For the foregoing reasons, Jefferson Pilot's Motion for Summary Judgment as to its decision to deny total disability benefits to Plaintiff will be granted and Plaintiff's Cross-motion for Summary Judgment will be denied.

### B. Partial Disability Benefits.

In her Opposition to Jefferson Pilot's summary judgment motion, Plaintiff raises for the first time that, at a minimum, she is entitled to "partial disability benefits pursuant to the Jefferson Pilot policy." (*Plaintiff's Opposition*, p. 16). In response to the Court's January 6, 2006 Order [Rec. Doc. 45], the parties agree that to qualify for partial disability benefits under the policy, the employee must be: (1) disabled; (2) engaged in partial disability employment; (3) earning at least 20% of pre-disability income when partial disability employment begins; (4) regularly attending a physician; and (5) submit proof of partial disability, at his or her own expense, to the company upon request. (*Broussard Administrative Record*, 020; *Plaintiff's Supplemental Memorandum*, pp. 1-2; *Defendant's Reply*, p. 2). Under the terms of the policy, "partial disability" means, "that, as a result of a Sickness or Injury, the Insured Employee is: (1) able to perform one or more, but not all, of the main duties of such insured employee's own or any other occupation on a full-time or part-time basis; or (2) able to perform all of the main duties of such insured employee's own

13

or any other occupation, but only on a part-time basis."[3] (*Broussard Administrative Record*, 020).

Jefferson Pilot contends that Broussard does not qualify for partial disability benefits because the administrative record provides no evidence that Plaintiff has sought or held any position of employment since quitting her job with Ocean Energy, and as such she has not satisfied the part-time employment elements. (*Id*). In making this assertion, Jefferson Pilot misspeaks. As cited in its Motion for Summary Judgment, Jefferson Pilot based, in part, its decision to deny coverage for total disability on a letter from Dr. Robert Martinez dated August 20, 2003, which noted that Broussard "was working part time." (*Defendant's Motion*, p. 6; *Broussard Administrative Record*, 105-107).

In *Offutt v. Prudential Ins. Co.*, the Fifth Circuit held, "In reviewing an administrator's decision, a court must focus on the evidence before the administrator at the time his final decision was rendered." 735 F.2d 948, 950 (5th Cir. 1984). "If new evidence is presented to the reviewing court on the merits of the claim for

---

[3] In contrast, the policy defines "total disability" to mean that "an Insured Employee, due to an Injury or Sickness is unable: (1) during the Elimination Period and the Own Occupation Period, to perform all the material and substantial duties of the Insured Employee's regular occupation; and (2) after the Own Occupation Period, to engage in any employment or occupation: (a) for which such Insured Employee is or becomes qualified by reason of education, training, or experience; and (b) which provides substantially the same earning capacity as the Insured Employee's former earning capacity prior to the disability." (*Broussard Administrative Record*, 010).

benefits, the court should, as a general rule, remand the matter to the plan administrator for further assessment." *Id.* "The reviewing court may not hold a *de novo* hearing on the question of a claimant's entitlement to benefits under an employee benefit plan." *Id.*

Likening Jefferson Pilot's oversight to newly discovered evidence, the Court is not is a position to make a *de novo* determination of whether Broussard is eligible for partial disability benefits. In light of the "new" evidence, the documented record of Broussard's part-time employment as of August 20, 2003, the Court finds that the Plan Administrator failed to determine Broussard's eligibility for partial disability benefits. Accordingly, the Court will remand the matter to the Plan Administrator for further assessment consistent with this Ruling.

### C. Attorney Fees.

Lastly, Plaintiff prays for attorney fees arising from this matter. In her Motion for Summary Judgment, Broussard quotes *Estate of Bratton v. National Union Fire Ins. Co. of Pittsburgh, Pennsylvania* as stating, "The Court may, upon finding an abuse of discretion on the administrator's part, award the amount due on the claim and on attorney's fees." 215 F.3d 516, 521 (5th Cir. 2000). As previously discussed, the Court finds that Jefferson Pilot did not abuse its discretion in denying total disability benefits to Plaintiff. Accordingly, the awarding of attorney fees is

inappropriate and Plaintiff's Motion will be denied.

## IV. Conclusion.

For the foregoing reasons, the Court finds that, based on the information contained in the administrative record, the claims administrator did not abuse its discretion in denying Ms. Broussard's total disability claim. Accordingly, Defendant's motion will be granted and Plaintiff's cross-motion will be denied in part as it concerns total disability benefits and attorney fees. Further, Plaintiff's claim for partial disability benefits will be remanded to the plan administrator for an eligibility evaluation.